UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL E. SAMPSON (#238677-A)                          CIVIL ACTION

VERSUS

GONZALES CITY POLICE DEPARTMENT, ET AL.                 NO. 10-0235-JJB-CN

O R D E R

In other litigation filed by the plaintiff in this Court, <u>Michael E. Sampson v. Steven Holmes, et al.</u>, Civil Action No. 10-0240-RET-SCR, the Court was placed on notice, by return of mail sent to the plaintiff at his record address, that he has been "released" and is no longer confined at the facility identified in the original Complaint as his record address. Accordingly, on July 6, 2010, the Court entered an Order in the above-captioned proceeding, rec.doc.no. 3, directing the plaintiff, within thirty (30) days of the date of the Order, to advise the Court, in writing, whether he wishes to continue to proceed with this case. Recognizing that it was unlikely that the plaintiff would receive a copy of the Court's Order, the Order specifically advised the plaintiff that "a failure to respond to this Order within the time allowed shall be interpreted by the Court as signification that he does not wish to proceed or as an indication that he is no longer confined at the place given as his record address and that he has failed to comply with the Court's rules by giving timely notice of his new address." <u>Id.</u> A review of the record reflects that the plaintiff has failed to respond to the referenced Order. He has, therefore, failed to comply with an Order of this Court without any justifiable explanation for his failure to do so. It further appears that the plaintiff has lost interest in the above-captioned litigation since his apparent release from confinement.

Pursuant to Uniform Local Rule 41.3M, the failure of a pro se litigant to keep the Court apprised of an address change may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. While the instant case does not come squarely within the parameters of the referenced Local Rule -- because the record does not reflect that any pleading has been returned to a party or the Court -- the Court has been reliably informed that the plaintiff is no longer located at the place given as his record address, and he has been advised of the need to timely appear and provide notice of his intent to proceed with this case. Accordingly, the Court concludes that the imposition of a sanction under Rule 16 of the Federal Rules of Civil Procedure is called for under these circumstances. As a practical matter, the case cannot proceed against the defendants if the plaintiff cannot be located. The imposition of a sanction less severe than dismissal is not feasible and would likely be futile. Were the Court to impose a less severe sanction, there is no apparent means by which to give the plaintiff notice of that sanction. A sanction which is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all. If the plaintiff fails to notify the parties or the Court of his location, the defendants are effectively unable to prepare for any hearing or trial. Therefore, the imposition of a sanction short of dismissal, without prejudice, would be ineffective under the circumstances of this case. <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987). The plaintiff has offered no valid excuse for his failure to apprise the Court of a current address or to respond to the Court's Order. The defendants, too, are entitled to their day in court. The plaintiff's failure to appear or respond to the Court's order deprives them of the opportunity to clear themselves of the allegations

made against them.  The best interests of justice do not require that the defendants remain under allegations of misconduct until the plaintiff decides to proceed as required in his case.

A review of the record indicates that the plaintiff has filed no pleadings or motions since April 8, 2010.  Nor has he responded to the Court's Order that he advise the Court whether this suit should remain on the Court's Docket.  Finally, he has not filed a change of address with the Court within 30 days of the Court's being notified that the plaintiff is no longer at his record address.  It is clear that the plaintiff has lost interest in the prosecution of this action.  Therefore;

**IT IS ORDERED** that the plaintiff's Complaint be dismissed, without prejudice, as a sanction under Rule 16 of the Federal Rules of Civil Procedure.  Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 6th day of August, 2010.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE